Matter of Hooper (2018 NY Slip Op 06683)





Matter of Hooper


2018 NY Slip Op 06683


Decided on October 5, 2018


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Oct. 5, 2018.)


&em;

[*1]MATTER OF MICHAEL R. HOOPER, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by the Third Department on June 27, 2006. Although respondent resides in Texas and is also admitted to practice law in that jurisdiction, his law office address on file with the Office of Court Administration is located in Corning, New York. In May 2018, the Grievance Committee advised this Court that, on November 14, 2017, the State Bar of Texas had issued a judgment wherein respondent consented to the imposition of a public reprimand upon his admission of certain facts, including that he was retained by a client and was paid a retainer fee in the amount of $200,000 in relation to an unspecified matter; that he failed to keep the funds separate from his own funds until there could be an accounting or a severance of their interest; and that he failed to disburse the funds to only those persons entitled to receive them. Respondent also admitted that such conduct violated rule 1.14 (c) of the Texas Disciplinary Rules of Professional Conduct. The judgment of public reprimand directed respondent to pay to the State Bar of Texas attorneys' fees and expenses in the amount of $1,500 and to complete 15 hours of continuing legal education concerning legal ethics, in addition to the minimum continuing legal education requirements applicable to all Texas attorneys.
Upon receipt of a certified copy of the judgment issued by the State Bar of Texas, this Court, by order entered June 19, 2018, directed respondent to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1240.13. Respondent filed papers in response to the show cause order and, on September 11, 2018, he appeared before this Court on the return date thereof.
Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in an another jurisdiction, unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]).
We conclude that respondent has failed to raise any factor that would preclude the imposition of reciprocal discipline. In determining an appropriate sanction, we have considered the matters submitted by respondent in response to the show cause order, including his acknowledgment that the misconduct in Texas, inter alia, gave rise to an unacceptable appearance of impropriety. Accordingly, we conclude that respondent should be censured.